Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U S DISTRICT COURT

APR 28 2003

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BAKER, et al , <br><br> Plaintiff, <br><br> v. <br><br> BURNHAM PACIFIC PROPERTIES, INC , et al., <br><br> Defendants ) | Case No  EDCV 03-00268-VAP(SGLx) <br><br> **[Motion filed on April 3, 2003.]** <br><br> **ORDER GRANTING MOTION TO REMAND** |

Plaintiffs' Motion to Remand or Stay "RICO" Claim and Remand, in the Alternative, to Remand after Dismissal or Amendment to Delete "RICO" Claim came before the Court for hearing on April 28, 2003.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court dismisses the Plaintiffs' twenty-first claim and GRANTS the Motion

// // //

// // //

ENTER ON ICMS

APR 29 2003

## I.    BACKGROUND

The action is brought by and on behalf of present and past tenants ("Plaintiffs") of the Lake Arrowhead Shopping Center (the "Village"), a regional retail center in Lake Arrowhead, California.  [First Am. Compl ¶ 1 ] Plaintiffs allege that Defendants, owners and managers of the Village, fraudulently overbilled Plaintiffs for common area maintenance ("CAM") under their individual leases, fraudulently overbilled Plaintiffs for liability insurance, and fraudulently overbilled Plaintiffs for real property taxes   [Id.]  Plaintiffs also allege that Defendants willfully breached the covenant of good faith and fair dealing in tenant leases and deliberate management neglect to cause the Village to deteriorate in condition and, therefore, depress its value   [Id. ¶ 2 ] The Defendants' actions were intended to and substantially interfered with Plaintiffs' businesses and business opportunities   [Id ]

Each Plaintiff made, executed, and delivered a written lease covering a portion of the Village to Defendants.   Each lease contained a provision providing for the uniform billing of expenses incurred in maintaining the common areas of the Village.   [Id. at ¶ 26.]   This provision is substantially as follows·

> Maintenance Charges--Tenant agrees to pay as additional rent, monthly or less frequently as

2

directed by Landlord, Tenant's Proportionate Share of the Shopping Center's Common Area Maintenance Cost (as hereinbefore defined).  Such payments shall be based on Landlord's reasonable estimates, subject to an annual adjustment on determination of the actual amount of the Shopping Center's Common Area Maintenance Cost.  The failure of Tenant to pay any portion of Tenant's Proprotionate Share of the Shopping Center's Common Area Maintenance Cost on or before the fifteenth (15) day after notice from Landlord shall constitute a material default under this Lease and shall be treated for all purposes as a default in the payment of rent. . .   [Id.]

Plaintiffs and all similarly situated tenants of the Village reasonably rely upon Defendants to prepare such billings in good faith.  [Id ¶ 28 ] Defendants' issuance of such billings constitutes a representation that the charges contained are accurate and that Defendants have exercised due care and diligence with respect to their preparation  [Id ]  Plaintiffs allege that Defendants knew or should have known that said representations were excessive and included false, inaccurate, misleading and/or other unauthorized and improper charges (the "overcharges").  [Id.]

Plaintiffs also allege that Defendants failed to supervise, manage, or otherwise perform or cause to be performed the due diligence and accounting or other work reasonably required for the accurate issuance of the CAM, Insurance, and Tax Billings. [Id. ¶ 29 ] Defendants have allegedly devalued and impaired commerce in the Village by, among other things, accumulating unreasonable deferred maintenance, failing to maintain the Shopping Center, failing to promote the units and reducing occupancy by failing to respond or otherwise reasonably participate in the negotiation of the lease renewals or new leads for existing tenants  On information and belief, such devaluation was part of a scheme for Defendants Verger, Platt, and/or Byrne to form Defendant LAV and then purchase the Village at a below market price without any bidding    [Id.]

## II.  PROCEDURAL HISTORY

On March 7, 2003, Plaintiffs filed a First Amended Complaint in the Superior Court of California, County of San Bernardino   Plaintiffs allege (1) Representative Action for Unfair Business Practices, (2) Representative Action for False Statements Concerning Realty, (3) Fraud, (4) Negligent Misrepresentation, (5) Intentional Interference with Prospective Business Advantages, (6) Conversion, (7) Breach of Fiduciary Duty, (8) Conspiracy, (9) Negligent Interference with Prospective Economic

4

Advantages, (10) Negligence, (11) Waste, (12) Breach of Contract, (13) An Accounting, (14) Breach of the Implied Covenant of Good Faith and Fair Dealing, (15) Declaratory Relief, (16) Injunctive Relief, (17) To Impress and Foreclose Equitable Liens, (18) Unjust Enrichment, (19) For Constructive Trust, (20) For Fraudulent Conveyance, (21) Violation of 18 U.S C. §§ 1961, et seq. (RICO).

On April 2, 2003, Defendants filed the following Motions to Dismiss ("Defendants' Motions to Dismiss"):

    (1) All Claims of Plaintiff Robert Baker

    (2) Plaintiffs' Second, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Fourteenth, and Seventeenth Claims for Relief

    (3) All Claims of Plaintiffs Village Merchants, Inc , and Christine Feldman

    (4) All Claims of Certain Plaintiffs Pursuant to Rule 12(b)(6) and Res Judicata

    (5) Plaintiffs' Third, Fourth, and Twenty-First Claims under Rule 9(b) and 12(b)(6) or, in the Alternative, for a More Definite Statement.

On April 3, 2003, Plaintiffs filed a Motion to Remand or Stay "RICO" Claim and Remand, in the Alternative, to Remand after Dismissal or Amendment to Delete "RICO" Claim ("Mot."). On April 14, 2003, Plaintiffs filed

Oppositions to Defendants' Motions to Dismiss    On April 14, 2003, Defendants filed an Opposition to Plaintiffs' Motion to Remand ("Opp'n").    On April 18, 2003, Plaintiffs filed a Reply ("Reply")

## III.    DISCUSSION

"[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.    Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the state claim."    Federal Rule of Civil Procedure 41(a)(1)

Plaintiffs "request either the dismissal of or leave to amend to delete the RICO claim set forth as the Twenty First Cause of Action in the [First Amended Complaint]."    [Mot  at 5-6 ]  As no answer or motion for summary judgment has yet been filed by the Defendants, therefore, it is proper that Plaintiffs' request is granted    Fed R. Civ  Proc. 41(a).    Plaintiffs' oral request for

dismissal without prejudice of their twenty-first claim, For Violation of the Racketeering Influenced Corrupt Organizations Act Against All Defendants, is granted Their remaining claims are remanded to the state court.

## IV.   CONCLUSION

For the reasons above, Plaintiffs' Motion to Remand is GRANTED

Dated  April 28, 2003

VIRGINIA A. PHILLIPS
United States District Judge

7